```
            FILED              RE    D
            ENTERED             SER    ON
                            COUNSEL/PARTIES OF RECORD

              NOV 3 0 2009

            CLERK US DISTRICT COURT
              DISTRICT OF NEVADA
        BY:                         DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee for JEANNIE STRUDAS, | 2:07-CV-01541-RCJ-RJJ |
| Plaintiff, | **ORDER** |
| v. | |
| SHARON IRELAND, as an individual; UNITED STATES SOLICITOR GENERAL; and DOES I–X, | |
| Defendants. | |

Plaintiff State Farm Mutual Automobile Insurance Co. filed this lawsuit as subrogee for Jeannie Strudas, against Defendants Sharon Ireland, the U.S. Solicitor General, and Does I–X, asserting claims for negligence, negligent entrustment, and respondeat superior. Presently before the Court is Defendants' unopposed Motion to Dismiss (#11). On November 11, 2009, the Court held a hearing on this motion. The Plaintiff did not appear. The Court has considered the motions, briefs, pleadings, and oral argument and issues the following order. IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED and the complaint is DISMISSED in its entirety without prejudice.

## I. BACKGROUND

This matter arises out of a car accident. Plaintiff State Farm Automobile Insurance Co., ("State Farm"), alleges Defendant Sharon Ireland negligently caused an accident resulting in

1

damage to Jeannie Strudas' vehicle. (Def.'s Mot. to Dismiss (#11) 3:8–11). Strudas was insured by State Farm. (*Id.* at 3:10–11). State Farm alleges Ireland was acting in the scope of her employment for Defendant U.S. Solicitor General, ("Solicitor General"), and operating a vehicle registered to the Solicitor General at the time of the accident. (*Id.* at 3:8–14).

State Farm sued Ireland and the Solicitor General. State Farm also named Does I–X as defendants. (*Id.* at 3–7). On November 20, 2007, Defendants removed to federal court. (*Id.* at 15–17).

On December 7, 2007, Defendants noted in their statement of removal that the summons and complaint had not been served on the Untied States Attorney or the Attorney General for the United States. (Statement of Removal (#5) 1:24–26). They also stated that, based on information and belief, service had not been made on Ireland or the Solicitor General. (*Id.* at 26–2:2). Defendants state that Plaintiff joined in a statement that service had not been perfected on December 17, 2007. (Def.'s Mot. to Dismiss (#11) 3:21–23). But, the joint status report merely refers to the United States' statement that service had not been perfected on December 7, 2007. (Joint Status Report (#6) 2:4–6). It does not reassert that service has not been perfected.

On October 23, 2008, the Clerk of this Court notified State Farm that it would make an application to the court for dismissal for want of prosecution if no action was taken within 30 days. (Notice (#7)). Apparently, the Clerk did not follow through on this. According to the Docket, no summons has been served to the United States Attorney's Office for the District of Nevada or the Attorney General for the United States. (*See also* Def.'s Mot. to Dismiss (#11) Ex. B ¶¶ 4 & 5). State Farm has listed the dates of service for each defendant as "unknown." (Pl.'s Statement (#10) 3:10–11). Among the filings, is a state summons dated September 26, 2007, but it is not clear who, if anyone, was served with it. (Def.'s Pet. for Removal (#1) Ex. 1).

///
///
///

2

On May 7, 2009, the Defendants filed this motion to dismiss for lack of jurisdiction, improper service, and failure to state a claim. State Farm has not filed an opposition. On November 16, 2009, the Court held a hearing on Defendants' motion. State Farm did not appear.

## II. LEGAL STANDARD

Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. Rule 4(a) provides that defendants must be personally served or served in compliance with alternatives listed in 4(d)(6) or 4(d)(7). Neither actual notice nor simply naming the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.

*Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

Local Rule 7-2 provides that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2. The "[f]ailure to follow a district court's local rules is a proper grounds for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995). Before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).[1]

## III. ANALYSIS

Defendants move to dismiss claims against the Solicitor General and Ireland under Rule 12(b)(2) and (5) for lack of personal jurisdiction and insufficient service of process. They

---

[1] This five-factor analysis appears inappropriate for unopposed motions to dismiss under Federal Rule of Civil Procedure 12(b). This is probably because it was first adopted for determining whether a sua sponte dismissal was appropriate for failure to prosecute under Rule 41(b). *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Ninth Circuit in *Ghazali*, stated that the five-factor analysis also applied to unopposed motions to dismiss under 12(b)(6), but did not actually apply the factors in that case. Instead, it conducted an independent review for abuse of discretion. 46 F.3d at 53. But, many courts have since followed *Ghazali*'s precedent in claiming to apply the five-factor test to unopposed motions to dismiss. *See, e.g., Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008).

3

move to dismiss the Doe defendants under Rule 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2).

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3).

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

**A.    Solicitor General**

State Farm sued the Solicitor General in her official capacity. To establish personal jurisdiction, State Farm "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to" the Solicitor General. Fed. R. Civ. P. 4(i)(2). Apparently, State Farm has done neither. Since State Farm filed it complaint on July

25, 2007, more than two years have passed, well over the 120 days to serve a defendant required by Rule 4(m). Dismissal without prejudice of the claims against the Solicitor General is proper.

### B.   Ireland

State Farm sued Ireland in her individual capacity for actions done in the scope of her employment for the Solicitor General.   To establish personal jurisdiction, State Farm "must serve the United States and also serve" Ireland. Fed. R. Civ. P. 4(i)(3).   Apparently, State Farm has done neither. Since State Farm filed it complaint on July 25, 2007, more than two years have passed, well over the 120 days to serve a defendant required by Rule 4(m). Dismissal without prejudice of the claims against Ireland is proper.

### C.   Doe defendants

Pleading fictitious Doe defendants is improper in federal court. *Turner v. County of Los Angeles*, 18 Fed. App'x 592, 596 (9th Cir. 2001) ("As a general rule, the use of Doe pleading is disfavored in federal court."); *Graziose v. American Home Products Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001) ("If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings. This in no way precludes a party's right, upon learning of the participation of additional parties, to seek to amend the complaint (or answer) and have the amendment relate back in time to the original filing if the circumstances justify it."). A claim against Does has no effect in federal court. Dismissal without prejudice of the claims against the Doe defendants is proper.

### D.   **Five-Factor Analysis**

The five-factor analysis favors dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket is manifest. Defendant;s would be prejudiced by further delay. Since dismissal is without prejudice, a disposition on the merits is still possible.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss (#11) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice.

DATED: This 30th day of November, 2009.

_____
Robert C. Jones
UNITED STATES DISTRICT JUDGE